IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| CYRILL A. KOLOCOTRONIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4234-CV-C-NKL |
| | ) | |
| SUSAN WARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On December 20, 2005, the United States Magistrate Judge recommended that plaintiff's motion to proceed in forma pauperis be denied and his claims be dismissed, pursuant to the general order *In re Cyrill Athanasios Kolocotronis* (W.D. Mo. Aug. 28, 2003) and for failure to state a claim, pursuant to 28 U.S.C. § 1915. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on January 13, 2006. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

To the extent plaintiff's exceptions allege that his claim[1] is properly before this court as a property claim, such claim also fails to state a claim on which relief may be granted under 42 U.S.C. § 1983 because property claims are generally not actionable under section 1983. Property claims are generally not actionable under section 1983 because if a state provides adequate remedies to compensate individuals for wrongful property loss, there is no absence of due process which would be actionable under 42 U.S.C. § 1983. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional and negligent deprivations of property not

---

[1] Plaintiff claims that two years ago he sent $15.00 to defendant Clint's Books for some magazines that he has never received, and that defendant Susan Ward, who handles his account at Fulton State Hospital, has failed to provide him with a receipt for such payment, thus preventing him from receiving a $15.00 refund from Clint's Books.

actionable under section 1983 if suitable state remedy); *Parratt v. Taylor*, 451 U.S. 527, 542 (1981). Missouri provides adequate remedies to redress property damages. *Orebaugh v. Caspari*, 910 F.2d 526, 527 (8th Cir. 1990); *Sours v. Armontrout*, No. 87-1240, slip op. (8th Cir. June 1, 1987) (unpublished). Plaintiffs can sue in circuit court for replevin under Mo. S. Ct. R. 99.01 to 99.15, or they can bring a common-law claim for conversion. *Hardesty v. Mr. Cribbin's Old House, Inc.*, 679 S.W.2d 343, 347 (Mo. App. 1984). *See also Knight v. M.H. Siegfried Real Estate, Inc.*, 647 S.W.2d 811, 814 (Mo. App. 1982). Plaintiffs also can recover for losses caused by the tortious acts of state employees, acting in their ministerial capacities. *See Harris v. Munoz*, 2001 WL 118147 (Mo. App. Feb. 13, 2001); *Jungerman v. City of Raytown*, 925 S.W.2d 202 (Mo. Banc 1996); *Jackson v. Wilson*, 581 S.W.2d 39, 42-43 (Mo. App. 1979); Mo. Ann. Stat. § 105.711 (West Supp. 2005). Moreover, plaintiffs who lack funds may seek to file and prosecute their claims as poor persons under Mo. Ann. Stat. § 514.040 (West 2002). This statute gives state judges the discretion to waive costs and fees for indigent parties. Thus, plaintiff has adequate remedies available under state law, even if he lacks funds, and therefore, has no claim under 42 U.S.C. § 1983.

IT IS, THEREFORE, ORDERED that plaintiff's claims are dismissed, pursuant to the general order *In re Cyrill Athanasios Kolocotronis* (W.D. Mo. Aug. 28, 2003), and for failure to state a claim, pursuant to 28 U.S.C. § 1915.

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated: January 30, 2006
Jefferson City, Missouri

2